IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RALPH WILSON LINGO, #190083, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:08-CV-197-MHT |
| | ) [WO] |
| | ) |
| KENNETH JONES, et al., | ) |
| | ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Ralph Wilson Lingo ["Lingo"], a state inmate, filed this 28 U.S.C. § 2254 petition for habeas corpus relief on March 6, 2008.[1] Upon review of the petition, the court determined Lingo had failed to properly identify the state conviction(s) he sought to challenge in this cause of action. Consequently, the court deemed it necessary that Lingo file an amendment to his petition and therefore entered an order requiring that he undertake such action. *Order of March 21, 2008 - Court Doc. No. 4.* The time allowed Lingo for filing an amendment to the instant petition expired on April 24, 2008. Lingo likewise did not respond to an order that he show cause why he failed to file the requisite amendment to his petition. *Order of*

---

[1] Although the Clerk stamped the petition filed on March 20, 2008, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Lingo certified the petition on March 6, 2008. *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 14. "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Lingo] signed it....." *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of this federal habeas proceeding, the court considers March 6, 2008 as the date of filing.

*April 30, 2008 - Court Doc. No. 7*. In this order, the court specifically cautioned Lingo that his "fail[ure] to file the requisite amendment" would result in entry of a Recommendation "that this case be dismissed." *Id*. The court therefore concludes that this case should be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the petitioner to file an amendment to his petition in compliance with the orders of this court.

It is further

ORDERED that on or before June 12, 2008 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth

Circuit issued prior to September 30, 1981.

Done this 30th day of May, 2008.

                                                  /s/Charles S. Coody
                                                CHARLES S. COODY
                                                UNITED STATES MAGISTRATE JUDGE